## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FELICE IMMORDINO              :
311 Indian Creek Drive       :
Levittown, PA 19057         :
                            :     CIVIL ACTION
         Plaintiff,       :
                            :     No.
     v.                     :
                            :
BUCKS COUNTY          :
COMMUNITY COLLEGE    :     **JURY TRIAL DEMANDED**
275 Swamp Road         :
Newtown, PA 18940       :
     and               :
MARK GRISI            :
c/o Bucks County Community College  :
275 Swamp Road         :
Newtown, PA 18940       :
                            :
         Defendants.      :

## CIVIL ACTION COMPLAINT

Plaintiff, Felice Immordino, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.  Introduction

1.    Plaintiff has initiated this action to redress violations by Bucks County Community College and Mark Grisi (*hereinafter* referred to collectively as "Defendants," unless indicated otherwise) for violations of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.    Jurisdiction and Venue

2.      This action is initiated pursuant to Title VII, the ADA, and the PHRA. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3.      The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff exhausted her administrative remedies (with respect to her Title VII and ADA claims) because she timely filed Charges with the Equal Employment Opportunity Commission (EEOC) and now files the instant lawsuit within 90 days from receiving her right to sue letter from the EEOC.

6.      Plaintiff exhausted her administrative remedies (with respect to her PHRA claims) because she timely filed Charges with the Pennsylvania Human Relations Commission (PHRC) and the charges have remained with the PHRC for over one year.

### III.   Parties

7.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.    Plaintiff is an adult with an address as set forth above.

9.    Defendant Bucks County Community College (*hereinafter* "Defendant School") is a Pennsylvania community college that provides educational services to students.

10.   Defendant Mark Grisi (*hereinafter* "Defendant Grisi") is upon information and belief a high-level manager and a decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant School including but not limited to hiring, firing, and issuing discipline.

11.   At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV.   <u>Factual Background</u>

12.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.   Plaintiff is a 58 year old female.

14.   Plaintiff was employed with Defendant School for approximately 11 years.

15.   Plaintiff worked for Defendant School as a custodian and

16.   During her employment with Defendant School, Plaintiff also performed in the role of a shop steward.

17.   Upon information and belief, Plaintiff was the first female shop steward to be employed with Defendant School.

18.     Defendant Grisi was the director of Defendant School and indirectly supervised Plaintiff.

19.     During her employment with Defendant School, Plaintiff was subjected to a hostile work environment based on her gender by Defendant School's management, including but not limited to Defendant Grisi.

20.     For example, unlike Plaintiff's male co-workers, Defendant School's management would continually treat Plaintiff in a rude and condescending manner, speak to her abruptly, verbally attack her, question her ability to perform her job as a shop steward, subject her to pretextual discipline, question her mental health condition, ignore her efforts to file grievances (which was part of her shop steward duties), selectively enforce policies against her, and deny her overtime.

21.     By way of further example, in or about May of 2012, Plaintiff approached Defendant Grisi in an attempt to file a grievance on behalf of one of Defendant School's employees. When Plaintiff attempted to explain why she was filing the grievance, Defendant Grisi became extremely hostile toward Plaintiff, kicked her out of his office, suspended her without pay, and made her undergo counseling based upon Defendants' perception of her mental health condition.

22.     In or about June of 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity against Defendant School asserting that she was being discriminated against because of her gender and Defendants' perception of her mental health condition.

23.     Soon after filing her EEOC charge in or about June of 2012, Plaintiff was subjected to increased animosity and hostility by Defendant School's management, including but not limited to Defendant Grisi.

24.     For example, Defendant Grisi continuously made her job duties more difficult, repeatedly harassed her, moved her around to different jobs (unlike her male coworkers), and closely scrutinized her job performance.

25.     Plaintiff continued to complain to Defendant School's management (including Defendant School's Human Resources Department) about the aforementioned discriminatory and retaliatory treatment that she was receiving based on her gender and prior complaints of gender and disability discrimination.

26.     Defendant School's management and Human Resources Department never properly investigated or resolved Plaintiff's aforementioned concerns of discrimination and retaliation in any meaningful way.

27.     Instead, in close proximity to Plaintiff's last complaint of discrimination, she was terminated from her employment with Defendant School for completely pretextual reasons (allegedly sleeping on the job).

### Count I
### Violations of Title VII of the Civil Rights Act of 1964
### (Gender Discrimination/Hostile Work Environment/Retaliation)
### - Against Defendant School Only -

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29.     Plaintiff believes and avers herein that she was terminated from Defendant School due to her gender and/or her complaints about Defendants' unlawful gender discrimination practices.

30.     Plaintiff was also subjected to a hostile work environment during her period of employment due to her gender and/or complaints of gender discrimination through disparate

treatment, pretextual admonishment, and demeaning/discriminatory treatment towards her (as discussed *supra*).

31.     These actions as aforesaid constitute unlawful retaliation under the Title VII.

**Count II**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**(Retaliation)**
**-Against Defendant School Only-**

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.     Defendant School retaliated against Plaintiff by terminating her because she expressed opposition to Defendant School (and its management) about how she was being treated based upon their perception of her mental health condition.

34.     These actions as aforesaid constitute violations of the ADAAA.

**Count III**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**(Gender Discrimination/Hostile Work Environment/Retaliation)**
**- Against Both Defendants -**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**Count III**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**(Retaliation)**
**- Against Both Defendants -**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count II, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom(s) of discriminating against employees based on their gender, disability and/or perceived disability, and are to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, overtime, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict;

C.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

F.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 24, 2014

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

FELICE IMMORDINO                    :                    CIVIL ACTION
              v.                    :

BUCKS COUNTY COMMUNITY              :                    NO.
COLLEGE, et.al,

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X )


| 3/24/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 311 Indian Creek Drive, Levittown, PA 19057

Address of Defendant: 275 Swamp Road, Newtown, PA 18940

Place of Accident, Incident or Transaction: Defendants place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/24/2014 _____ ARK2484

Attorney-at-Law    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/24/2014 _____ ARK2484

Attorney-at-Law    Attorney I.D.# 91538

CIV. 609 (5/2012)

℔JS 44  (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
IMMORDINO, FELICE

**(b)** County of Residence of First Listed Plaintiff   Bucks

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
BUCKS COUNTY COMMUNITY COLLEGE, et al.

County of Residence of First Listed Defendant   Bucks

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Civil Rights Act of 1964 "Title VII" (42USC2000)

Brief description of cause:
Violations of Title VII and the Pennsylvania Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE   3/24/2014

SIGNATURE OF ATTORNEY OF RECORD

Print   Save As...   Export as PDF   Retrieve PDF File   Reset